UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

KEVIN CASSADAY,

                Plaintiff,                Case No. 1:25-cv-10276

v.

                                                Honorable Thomas L. Ludington
VERIZON MEDIA INC., *et. al*,             United States District Judge

                Defendants.            Honorable Patricia T. Morris
                                                United States Magistrate Judge
_____/

**OPINION AND ORDER (1) OVERRULING PLAINTIFF'S OBJECTIONS, (2) ADOPTING REPORT & RECOMMENDATION, (3) DISMISSING COMPLAINT, AND (4) DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN EXHIBIT AS MOOT**

Currently before the Court are *pro se* Plaintiff Kevin Cassaday's objections to Magistrate Judge Patricia T. Morris's report (R&R) recommending this Court dismiss Plaintiff's complaint for frivolity and failure to state a claim. As explained below, Plaintiff's objections will be overruled, the R&R will be adopted, Plaintiff's Complaint will be dismissed, and Plaintiff's pending motions will be denied as moot.

I.

On January 29, 2025, Plaintiff Kevin Cassaday filed a *pro se* Complaint against Verizon Media, Inc. ("Verizon"), its CEO Hans Vestberg, and Yahoo, Inc. ("Yahoo"). ECF No. 1. Respectfully, the Complaint is incomprehensible and largely delusional.

Without providing any factual detail, Plaintiff's Complaint includes a laundry list of thirteen state and federal statutes he alleges Defendants collectively violated. *Id.* at PageID.5 (alleging Defendants violated statutes relating to terrorism, ethnic intimidation, eavesdropping, retaliation, and "conspiring to commit person[s] to institution[s] for mental incompeten[ce]"). But Plaintiff then alleges that the "main issue[]" is that, at some unknown time, "someone was

tampering with the email fonts between [Plaintiff] & his now deceased mother . . . in attempt to get [Plaintiff] belittled & wash out any blame." *Id.* Plaintiff also alleges that he reported this purported "tampering" to Verizon but "they" threatened him with unspecified "ramifications," and later "removed [him] from being a manager" on a cellular account he shared with his spouse, "in attempt to destroy . . . his marriage." *Id.* at PageID.7. Further still, Plaintiff alleges Verizon "sent an employee across state lines in attempt to incarcerate [him]," and that these events, collectively, led to his "criminal prosecution." *Id.* at PageID.19–20.

Turning to the other named Defendants, Plaintiff alleges that that CEO Vestberg is a Swedish citizen and uses Verizon to "terrorize the people of the US." *Id.* at PageID.19–20. And Plaintiff alleges that Verizon "transferred" or sold some unspecified entity or property to Defendant Yahoo "in attempt to shield their liability" and protect "their public image." *Id.* at PageID.20.

On February 4, 2024, the undersigned referred all pretrial matters to Magistrate Judge Patricia T. Morris, ECF No. 5, who thereafter granted Plaintiff's application to proceed *in forma pauperis* (IFP). ECF No. 6. On February 10, 2025, Judge Morris issued a report (R&R) recommending this Court dismiss Plaintiff's Complaint for frivolity and failure to state a claim under the Prisoner Litigation Reform Act's (PLRA's) screening requirements, 28 U.S.C. § 1915(e)(2)(B), which apply to complaints filed by non-prisoners who proceed IFP. ECF No. 7. Judge Morris explained that Plaintiff's "cryptic," "disjointed," and "incomprehensible" Complaint does not state any plausible claims for relief.[1] *Id.* at PageID.38 (citing *Husein v. Clinton Admin.*, No. 2:24-cv-0018, 2024 WL 402503 (E.D. Cal. Feb. 2, 2024)).

---

[1] Separately, Judge Morris noted that Plaintiff has a history of filing frivolous *pro se* complaints and threatening judges assigned to his cases. *See* ECF No. 7 at PageID.38–39 (noting Plaintiff "filed seventeen frivolous, IFP complaints in the Western District of Michigan" and, after

On February 19, 2025, Plaintiff objected to the R&R, ECF No. 8. Less than one week later, Plaintiff filed a motion seeking leave to file "an audio call between" him and Verizon, ECF No. 9, and an unclear "ex parte motion to amend," ECF No. 10.

## II.

Under Civil Rule 72, a party may object to and seek review of an R&R. *See* FED. R. CIV. P. 72(b)(2). Any objection that fails to identify specific portions of the R&R will not be reviewed. *See Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review[.]"); *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("A general objection . . . is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). And parties cannot "raise at the district court stage new arguments or issues that were not presented" before the R&R was issued. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

If a party makes a timely, specific objection, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b)(3). When reviewing a report and recommendation *de novo*, this Court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215

---

dismissals, made "several vulgar and threatening phone calls to the court" including calls that he "would get his guns" and had "every right to fuck everybody up" (cleaned up)). Judge Morris cautioned that "[s]imilar conduct will not be tolerated in this District" and that, if Plaintiff "continues to flood the Court with frivolous complaints," she "will recommend that he be enjoined from filing lawsuits without first obtaining" leave of Court. *Id.* at PageID.39 (citing Local Rule 5.2).

(6th Cir. 1981). After reviewing the evidence, this Court may accept, reject, or modify the Magistrate Judge's findings or recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, No. 1:20-CV-11290, 2021 WL 4145771, at \*2 (E.D. Mich. Sept. 13, 2021).

### III.

Plaintiff raises four objections to the R&R. *See* ECF No. 8. Like his Complaint, Plaintiff's objections are incomprehensible. *See e.g.*, *id.* at PageID.45–46 ("Objection #2 . . . like many other matters Cassaday has brought to the courts in compliance under the law of 18 U.S.C. § 4, mind you at the time Cassday didn't even know such was written, which shows his only intent to address his grievances & seek redress as he tried to go to law enforcement on a county, state level, or even federal FBI nobody wants to do anything about the abuses society endures[.]") From what this Court can discern, no objection identifies any specific error within the R&R. True, one objection disputes the R&R's characterization of Plaintiff's history of threatening courts. *See id.* at PageID.51 ("The calls to the WDMI didn't start out as vulgar & threatening, they actually consist of Cassaday crying [and] pleading for help[.]"). But these facts have nothing to do with the propriety of Plaintiff's complaint,[2] and instead relate to the non-dispositive section of the R&R cautioning Plaintiff from engaging in conduct in this Court, *see supra* Section I, n. 1. Applying *de novo* review, even if this Court accepted Plaintiff's version of these specific, unrelated facts, dismissal for frivolity and failure to state a claim would still be proper.

---

[2] Although Plaintiff filed a single document entitled "motion to amend" and "motion for leave of court" after filing his objections, Plaintiff's "motion" does not substantively seek leave of Court to amend his complaint, and does not include any proposed amendments which would cure the defects of his frivolous complaint. *See* ECF No. 10.

Thus, Plaintiff's "objections" will be overruled, the R&R will be adopted, Plaintiff's Complaint will be dismissed, and Plaintiff's motion for leave to file an exhibit "in the traditional manner" will be denied as moot.

## IV.

Accordingly, it is **ORDERED** that Plaintiff's Objections to the Report & Recommendation, ECF No. 8, are **OVERRULED**.

Further, it is **ORDERED** that the Report & Recommendation, ECF No. 7, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED**.

Further, it is **ORDERED** that Plaintiff's Motion for Leave to File an Exhibit in the Traditional Manner, ECF No. 9, is **DENIED AS MOOT**.

Further, it is **ORDERED** that Plaintiff's "Ex Parte Motion to Amend," ECF No. 10, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

Dated: February 27, 2025                s/Thomas L. Ludington
                                        THOMAS L. LUDINGTON
                                        United States District Judge